### THE STATE OF IOWA v. McCLOSKEY.

By answering over, a party waives his demurrer.

A recognizance in a criminal case, not capital, cannot operate as a *super'cedeas* on writ of error, unless allowed by a judge of the Supreme Court, as provided by section 3090 of the Code; and without such order of allowance, the District Court, under section 3230, possesses no power to take such recognizance.

Section 3094 requires that the supreme judge ordering a stay of proceedings, shall make the order, and prescribe the conditions of the recognizance.

The recognizance, or a copy of it, should be returned to the Supreme Court, with the record of the case; and that court, where the cause is reversed and remanded, should make an order concerning the future action of the party charged, answering to the condition of his undertaking.

Where a *scire facias* on a recognizance alleged that one H. having been convicted under an indictment for defacing a school-house, was sentenced to pay a fine of one hundred dollars; that H. sued out a writ of error; that it was ordered that the defendant be held to bail in the sum of one hundred dollars, with sureties for an equal amount, for his appearance; that the defendant and one C. came into open court, with the said H., and each acknowledged themselves to owe and be indebted to the state of Iowa, &c.; that the condition of the recognizance was as follows: "Now, if the said H. shall sue out a writ of error to the Supreme Court, and prosecute the same to effect in said court, and obey the requisitions, order or judgment of the same, in the premises, then the above obligation to be void;" that the said judgment of the District Court was rendered, and it was ordered that further proceedings be had in the District Court, not inconsistent with the opinion of the Supreme Court; that a writ of *procedendo* issued accordingly, commanding further proceedings, as if no judgment had been rendered, or writ

of error sued out; that afterwards, at the May term, 1855, the said H., though three times solemnly called, came not, and the court ordered, that his default in the premises be entered; and where the defendant answered, denying that H. had sued out a writ of error; and averring that there was no law authorizing the recognizance; that there was no requisition, order or judgment of the Supreme Court, that H. was called upon to obey; and that H. had performed the condition of his recognizance; and where on the trial, the State offered in evidence the writ of *procedendo*, which contained no special order in relation to H., but is in the usual form, which was all the evidence on the part of the State; and where the defendant proved by the clerk of the District Court, that there was no writ of error in that cause, on file in his office; and where, upon this evidence, the court found for the State, and rendered judgment against the defendant; *Held*, 1, That the *scire facias* did not allege, nor the evidence show any breach of the condition o 1 the recognizance; 2. That the judgment below was erroneous.

## Appeal from the Cedar District Court.

THIS was a *scire facias* on a recognizance or bail bond, with which a declaration was also filed. One Huston, being convicted under an indictment for defacing a schoolhouse, the *scire facias* alleges that he sued out a writ of error, and gave a bail bond, as required by statute, with the defendant and one Cundiff as sureties. The defendant only is served with notice. The declaration recites, that Huston, being found guilty, and sentenced to pay a fine, and having sued out a writ of error, "it was ordered that the defendant be held to bail for one hundred dollars, with sureties for an equal amount, for his appearance; whereupon, on the above named day, (which was a day in term time), came into open court, William Y. Huston, Greenbury B. Cundiff, and David McCloskey, and acknowledged themselves each to owe and be indebted to the state of Iowa, in the sum of one hundred dollars, to be levied, &c. (Then follow proper recitals, and the condition is as follows): "Now, if the said Huston shall sue out a writ of error to the Supreme Court of Iowa, and prosecute the same to effect in said court, and obey the requisitions, order or judgment of the said Supreme Court, in the premises, then the above obligation to be void." The declaration then avers that the

judgment of the District Court was reversed, and that it was ordered that farther proceedings be had in the District Court not inconsistent with the opinion of the Supreme Court, and that a writ of *procedendo* issue accordingly, and that such writ did issue, commanding further proceedings, " as if no judgment had been rendered, or writ of error had been sued out." The declaration farther alleges, that afterward, " at the May term, 1855, the defendant Huston, though three times solemnly called, came not, and the court ordered that his default in the premises be entered."

The defendant, McCloskey, demurred to the *scire facias*, for several causes, of which one was, that the recognizance, as set forth, was not authorized by law. This demurrer was overruled, and the defendant answered. The answer, 1. Denies that the defendant, Huston, sued out a writ of error ; 2. Avers that there was no law authorizing the recognizance; 3. Avers that there was no requisition, order or judgment of the Supreme Court which Huston was called upon to obey; and 4. That the defendant had performed the condition of his recognizance.

By agreement, the cause was submitted to, and tried by the court. A bill of exceptions shows the proofs and the finding and ruling of the court. The bill states that the prosecution offered in evidence the writ of *procedendo*, issued from the Supreme Court, which is set forth and is in usual form, and contains no especial order in relation to the defendant Huston, which was all the evidence offered on the part of the State. The defendant proved, by the clerk of the District Court, that there was no writ of error, in that cause, in file in that court, and this was all the evidence in the cause. Whereupon, the court decided the issue for the State, and rendered judgment against the defendant McCloskey, who appeals.

*James Grant*, for the appellant.

*John Huber*, (Pros. Atty.) and *Saml. A. Rice*, (Atty. Genl.) for the State.

The State of Iowa v. McCloskey.

WOODWARD, J.—The error first assigned relates to the overruling defendant's demurrer to the *scire facias*, and states several grounds of error. · As the defendant answered over, · no reason is perceived why he does not fall within the common rule, which holds the pleading over as a waiver of the demurrer.

The other assignments relate to the trial and the rulings of the court thereupon. They are based upon the statements of the bill.:

1. That there was no evidence that a writ of error had been sued out.

2. That no fact was proved, showing that the District Court had a right to take the recognizance.

3. That there was no proof of any order of the Supreme Court on Huston to appear at the District Court.

4. That therefore defendant Huston complied with his recognizance.

5. That there was no proof of a recognizance—none of a · writ of error—none of a trial before the Supreme Court—and none of a disobedience to any of its requisitions.

· This recognizance was, undoubtedly,· designed to operate as a *supersedeas* with the writ of error under chapter 184 of the Code, but the case shows no order allowing the writ of error to operate as such, as provided in sections 3090 and 3091. Without this, it is doubted whether the District Court can take the obligation under section 3230, and, therefore, the question arises on the validity of the bond, which question is made by the defendant. There would seem to be but little room to doubt, in fact, since section 3091, requires that the *supersedeas* should be allowed by a judge of the Supreme Court. And we understand section 3094, to mean that this judge shall make the order letting the defendant to bail, and prescribing the condition of the recognizance, after which and in accordance with which, the District Court or its judge (as well as some other officers), may take the obligation. This bond, or a copy of it, should in all cases be returned to the Supreme Court with the record of the case, and that court should make an order

concerning the defendant's future action, answering to the condition of his undertaking.

In the present case, there was no such order of that court shown, and consequently no breach of the condition. We do not regard the common order to the District Court to proceed as if there had been no trial, which is contained in the writ of *procedendo*, as equivalent to the order required upon the defendant. We are not prepared, however, to say, with defendant's counsel, that he would be entitled to special notice, if there were a proper order. Perhaps he would be required to take notice of it.

That part of the condition of the undertaking which requires the defendant to sue out a writ of error, is inappropriate, and properly forms no portion of the obligation intended by the law.

The counsel for the State have not laid, as a breach, a failure to prosecute the writ of error, but, on the contrary, their case shows that it was prosecuted. Neither have they claimed that to "prosecute to effect," means with success. On the whole, in our opinion, no breach of the condition of the obligation is alleged, and none is proven.

Some minor points are suggested by the prosecution, but none which are available, and it is not necessary to dwell upon them, since we have aimed to determine the cause upon the more substantial grounds.

The judgment of the District Court is reserved.